# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2969 PA (PLAx) | Date | April 19, 2019 |
|---|---|---|---|
| Title | Melissa Allensworth v. Marley Spoon, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        **IN CHAMBERS - ORDER**

      Before the Court is a Notice of Removal (Docket No. 1) filed on April 17, 2019 by defendant Marley Spoon, Inc. ("Defendant"). Defendant asserts that this Court has jurisdiction over the putative class action brought against it by plaintiff Melissa Allensworth ("Plaintiff") on the basis of diversity jurisdiction. See 28 U.S.C. § 1332(a). Defendant does not remove under the Class Action Fairness Act ("CAFA"). See id. § 1332(d)(2).

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

      To invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis in original); see also Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2969 PA (PLAx) | Date | April 19, 2019 |
|---|---|---|---|
| Title | Melissa Allensworth v. Marley Spoon, Inc. | | |

the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Here, Defendant's Notice of Removal asserts that Plaintiff and the putative class members seek restitution for all monies paid under their subscription agreements with Defendant and disgorgement of all profits and gains Defendant obtained from those agreements. Defendant claims that because Plaintiff alleges in the Complaint that the putative class includes "hundreds of thousands of members," the amount in controversy "well exceeds $75,000." (Notice of Removal ¶¶ 5–6.) It appears that Defendant has improperly aggregated the putative class members' claims to meet the amount in controversy. To meet the amount in controversy, Defendant must show that each putative class member's individual claims exceed $75,000. See, e.g., Bates v. Gen. Nutrition Centers, Inc., 897 F. Supp. 2d 1000, 1003 (C.D. Cal. 2012) ("[C]lass members still must show that their individual claims exceed $75,000." (citing Gibson v. Chrysler Corp., 261 F.3d 927, 943 (9th Cir. 2001), holding modified by Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005)). Defendant has not asserted that each putative class member's individual claims exceed $75,000, and thus has failed to meet its burden to show the amount in controversy is met.

Because Defendant has not established that the amount in controversy exceeds $75,000, Defendant has not met its burden to establish this Court's subject matter jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. 19STCV07755. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.